# Exhibit B

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> ) <br> v. ) <br> ) <br> HONEYWELL INTERNATIONAL INC. and ) <br> GEORGIA POWER COMPANY, ) <br> ) <br> Defendants. ) <br> ) | Civil Action No. 2:16-cv-112 |

## COMPLAINT

The United States of America, by authority of the Attorney General of the United States, and at the request of the Administrator of the United States Environmental Protection Agency ("EPA"), through the undersigned attorneys, files this Complaint and alleges as follows:

### NATURE OF THE ACTION

1. This is a civil action for injunctive relief and recovery of costs against Honeywell International Inc. and Georgia Power Company ("Defendants") pursuant to Sections 106 and 107(a) of the Comprehensive Environmental Response, Compensation, and Liability Act, as amended ("CERCLA"), 42 U.S.C. §§ 9606 and 9607(a).

2. The United States seeks: (a) performance of response actions by Defendants at Operable Unit 1 of the LCP Chemicals Superfund Site (the "Site"), located in Glynn County, Georgia, consistent with the National Oil and Hazardous Substances Pollution Contingency Plan, 40 C.F.R. Part 300 (as amended) ("NCP"); (b) reimbursement of response costs incurred by EPA and the Department of Justice related to Operable Unit 1, together with any accrued interest; and (c) a declaratory judgment of liability for response costs that will be incurred related to the Site.

1

## JURISDICTION AND VENUE

3. This Court has jurisdiction over the subject matter of this action and over Defendants, pursuant to 28 U.S.C. §§ 1331 and 1345 and 42 U.S.C. §§ 9606(a), 9607(a), and 9613(b).

4. Venue is proper in this district pursuant to 42 U.S.C. §§ 9606(a) and 9613(b) and 28 U.S.C. § 1391(b) and (c), because the Site is located, the claims arose, and the threatened and actual releases of hazardous substances that gave rise to these claims occurred, within this judicial district.

## DEFENDANTS

5. Defendant Honeywell International Inc. ("Honeywell"), a Delaware corporation, is a "person" within the meaning of Section 101(21) of CERCLA, 42 U.S.C. § 9601(21). Honeywell is an "owner" of the Site within the meaning of Sections 101(20) and 107(a)(1) of CERCLA, 42 U.S.C. §§ 9601(20) and 9607(a)(1). Honeywell is also a successor to the liabilities of AlliedSignal Inc., whose predecessors-in-interest owned and operated the Site at the time of disposal of hazardous substances within the meaning of Sections 101(20) and 107(a)(2) of CERCLA, 42 U.S.C. §§ 9601(20) and 9607(a)(2).

6. Defendant Georgia Power Company, an investor-owned electric utility incorporated in Georgia, is a "person" within the meaning of Section 101(21) of CERCLA, 42 U.S.C. § 9601(21). Georgia Power Company owned and operated the Site at the time of disposal of hazardous substances within the meaning of Sections 101(20) and 107(a)(2) of CERCLA, 42 U.S.C. §§ 9601(20) and 9607(a)(2).

## GENERAL ALLEGATIONS

7. The Site is located at 4125 Ross Road, immediately northwest of the City of Brunswick in Glynn County, Georgia. It comprises approximately 850 acres, 760 of which are

2

saltwater marshlands. EPA has organized the Site into three operable units: Operable Unit 1 covers the marsh; Operable Unit 2 covers the surface and subsurface soil around two former mercury cell buildings, along with all contaminated groundwater emanating from the Site; and Operable Unit 3 covers the upland areas not contained within Operable Unit 2.

8. From approximately 1919 through 1994, Defendants and/or their predecessors-in-interest, along with other entities, conducted varied industrial activities at the Site, including petroleum refining, electric power generation, paint and varnish manufacturing, and chlor-alkali manufacturing. As a result of these industrial processes, numerous hazardous substances within the meaning of Section 101(14) of CERCLA, 42 U.S.C. § 9601(14), were disposed at the Site.

9. Georgia Power Company purchased tracts of land within the Site in 1937, 1942, and 1950. The company utilized the Site primarily for electric power generation and petroleum product storage. As a result of these operations, hazardous substances, including lead, polychlorinated biphenyls ("PCBs"), and polycyclic aromatic hydrocarbons ("PAHs"), were disposed at the Site.

10. In the mid-1950s, Allied Chemical & Dye Corporation ("Allied") acquired most of Georgia Power's land, as well as additional property, within the Site. Allied built and operated a chlor-alkali facility at the Site, principally for the production of chlorine gas, hydrogen gas, and caustic solution. These operations led to the disposal of hazardous substances, including mercury and PCBs, within the Site. Allied sold its property in 1979.

11. Allied Chemical & Dye Corporation subsequently changed its name to Allied Chemical Corporation and then again to Allied Corp. In 1985, Allied Corp. merged with the Signal Companies to create AlliedSignal Inc.

12. In 1999, AlliedSignal Inc. merged with Honeywell Inc., creating Honeywell International Inc.

3

13. Honeywell International Inc. currently owns the Site.

14. Investigations conducted by EPA and the Georgia Environmental Protection Division have found extensive contamination of the Site's structures, impoundments, soils, surface water, sediments, and groundwater.

15. On June 17, 1996, EPA placed the Site on the National Priorities List, set forth at 40 C.F.R. Part 300, Appendix B, by publication in the Federal Register. 61 Fed. Reg. 30,510.

16. On September 22, 2015, EPA issued a final Record of Decision ("ROD") setting forth the remedial action to be implemented at Operable Unit 1 of the Site. The ROD identifies lead, mercury, the PCB Aroclor 1268, and PAHs as contaminants of concern. The major components of the remedy include dredging approximately seven acres in the LCP Ditch and Eastern Creek; backfilling dredged areas with clean material; capping approximately six acres in Domain 3 Creek and Purvis Creek; placing thin-layer cover on approximately 11 acres of marsh; restoring disturbed areas; conducting short-term and long-term monitoring; and securing institutional controls to prevent exposure to contaminants.

17. The ROD is not inconsistent with CERCLA and the National Contingency Plan, 40 C.F.R. Part 300.

18. Mercury, lead, Aroclor 1268, and PAHs are hazardous substances within the meaning of Section 101(14) of CERCLA, 42 U.S.C. § 9601(14).

19. Mercury, lead, Aroclor 1268, and PAHs have come to be located at Operable Unit 1.

20. The Site and Operable Unit 1 are each a "facility" within the meaning of Section 101(9) of CERCLA, 42 U.S.C. § 9601(9).

21. There has been a "release" or a "threatened release" of "hazardous substances" into the environment at or from Operable Unit 1, within the meaning of Sections 101(8), 101(14),

101(22), 104(a) and 107(a) of CERCLA, 42 U.S.C. §§ 9601(8), 9601(14), 9601(22), 9604(a), and 9607(a).

22. As a result of the release or threatened release of hazardous substances at or from Operable Unit 1, the United States has incurred costs authorized by Section 104 of CERCLA, 42 U.S.C. § 9604, as defined by Sections 101(23), (24) and (25) of CERCLA, 42 U.S.C. §§ 9601(23), (24) and (25).

23. As stated in the ROD, EPA estimates that the remedial action for Operable Unit 1 will cost approximately $28.6 million.

24. EPA's response actions taken at or in connection with Operable Unit 1 and the costs incurred incident thereto are not inconsistent with the NCP.

25. The United States will continue to incur response costs in connection with the Site.

### FIRST CLAIM FOR RELIEF
### (Injunctive Relief for Operable Unit 1)

26. Paragraphs 1 through 25 are realleged and incorporated herein by reference.

27. Section 106(a) of CERCLA, 42 U.S.C. § 9606(a), provides in pertinent part:

> [W]hen the President determines that there may be an imminent and substantial endangerment to the public health or welfare or the environment because of an actual or threatened release of a hazardous substance from a facility, he may require the Attorney General of the United States to secure such relief as may be necessary to abate such danger or threat . . . .

28. The Regional Administrator of EPA Region 4, through delegated authority, has determined that there is or may be an imminent and substantial endangerment to the public health or welfare or the environment because of actual or threatened releases of hazardous substances into the environment at or from Operable Unit 1.

29. Pursuant to Section 106(a) of CERCLA, 42 U.S.C. § 9606(a), Defendants are liable to the United States for injunctive relief to abate and remedy the conditions at Operable Unit 1 that may present an imminent and substantial endangerment to the public health or welfare or the

environment because of an actual or threatened release of hazardous substances at or from Operable Unit 1.

## SECOND CLAIM FOR RELIEF
### (Recovery of United States' Response Costs)

30. Paragraphs 1 through 25 are realleged and incorporated herein by reference.

31. Section 107(a) of CERCLA, 42 U.S.C. § 9607(a), provides in pertinent part:

> Notwithstanding any other provision or rule of law, and subject only to the defenses set forth in subsection (b) of this section-
>
> \* \* \*
>
> (1) the owner and operator of a vessel or a facility, [and]
>
> (2) any person who at the time of disposal of any hazardous substance owned or operated any facility at which such hazardous substances were disposed of
>
> \* \* \*
>
> shall be liable for - -
>
> (A) all costs of removal or remedial action incurred by the United States Government . . . not inconsistent with the national contingency plan; . . . .
>
> The amounts recoverable under this section shall include interest on the amounts recoverable under subparagraphs (A) through (D) . . . .

32. Pursuant to Section 107(a)(1), 42 U.S.C. § 9607(a)(1), Honeywell is liable as the current owner and operator of the Site.

33. Honeywell is also liable pursuant to Section 107(a)(2), 42 U.S.C. § 9607(a)(2), because Honeywell, though its merger with AlliedSignal Inc., is a successor to the liabilities of Allied, which was liable as the owner and operator of the Site when disposal of hazardous substances occurred at the Site.

34. Pursuant to Section 107(a)(2), 42 U.S.C. § 9607(a)(2), Georgia Power Company is liable as the owner and operator of the Site when disposal of hazardous substances occurred at the Site.

6

35. Defendants are liable to the United States pursuant to Section 107(a) of CERCLA, 42 U.S.C. § 9607(a), for unrecovered response costs not inconsistent with the NCP incurred by the United States in connection with Operable Unit 1, plus any applicable interest on the response costs incurred.

36. Section 113(g)(2) of CERCLA, 42 U.S.C. § 9613(g)(2), provides in pertinent part that in any action for recovery of costs, "the court shall enter a declaratory judgment on liability for response costs or damages that will be binding on any subsequent action or actions to recover further response costs or damages."

37. Pursuant to Section 113(g)(2) of CERCLA, 42 U.S.C. § 9613(g)(2), the United States is entitled to a declaratory judgment that Defendants are liable to the United States under Section 107(a) of CERCLA, 42 U.S.C. § 9607(a), for all further response costs not inconsistent with the NCP incurred by the United States in connection with the Site.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, the United States of America, respectfully requests that this Court:

A. Order Defendants to abate the conditions at Operable Unit 1 that may present an imminent and substantial endangerment to the public health or welfare or environment, pursuant to Section 106(a) of CERCLA, 42 U.S.C. § 9606(a), by performing the remedy selected by EPA in the ROD;

B. Award the United States a judgment against Defendants, pursuant to Section 107(a) of CERCLA, 42 U.S.C. § 9607(a), for response costs not inconsistent with the NCP incurred by the United States in connection with Operable Unit 1, plus any accrued interest on the costs;

7

C. Award the United States a declaratory judgment, pursuant to Section 113(g)(2) of CERCLA, 42 U.S.C. § 9613(g)(2), that Defendants are liable to the United States for all response costs not inconsistent with the NCP to be incurred by the United States at the Site; and

D. Grant such other and further relief as the Court deems just and proper.

Respectfully submitted,

JOHN C. CRUDEN
Assistant Attorney General
Environment and Natural Resources Division
United States Department of Justice

LESLIE COLEMAN
Trial Attorney
Environmental Enforcement Section
Environment and Natural Resources Division
U.S. Department of Justice
P.O. Box 7611
Washington, DC 20044-7611
leslie.coleman@usdoj.gov
Phone: (202) 514-1032
Facsimile: (202) 514-0097

8

EDWARD J. TARVER
UNITED STATES ATTORNEY

_____
BRADFORD C. PATRICK
Assistant United States Attorney
South Carolina Bar No. 102092
U.S. Attorney's Office
Post Office Box 8970
Savannah, GA 31412
(912) 652-4422
bradford.patrick@usdoj.gov

OF COUNSEL:

STACEY A. HAIRE
Senior Attorney
U.S. EPA Region 4
61 Forsyth Street, S.W.
Atlanta, GA 30303