IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

| | |
|---|---|
| CITY OF BRUNSWICK, by and through its MAYOR AND BOARD OF COMMISSIONERS, )<br>)<br>)<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>HONEYWELL INTERNATIONAL, )<br>INC., formerly known as )<br>ALLIED CHEMICAL CORPORATION, )<br>and as ALLIEDSIGNAL, INC., and THE )<br>GEORGIA POWER COMPANY, )<br>)<br>Defendants. ) | CIVIL ACTION FILE<br>NO. 2:24-CV-129 LWG-BWC |

**REPLY BRIEF OF THE CITY OF BRUNSWICK TO
BRIEF OF HONEYWELL INTERNATIONAL, INC.**

A critical review of the brief of Honeywell demonstrates why this case should again be remanded to the Superior Court of Glynn County.

Honeywell cites to numerous paragraphs of the Second Amended Complaint and paraphrases what it asserts that these allegations state. Never in the twenty-six pages of its brief does Honeywell quote verbatim any allegation of the Second Amended Complaint. Honeywell Brief, pp. 1, 5, 6, 7, 8, 9 n.3, 10, 11, 13. Comparison of the actual allegations of the Second Amended Complaint with Honeywell's attempts to paraphrase these allegations to suit its arguments brings to mind the words of Mark Twain that the difference between the right word and the almost right word can be the difference between lightning and a lightning bug. Honeywell has adopted a lightning bug approach in its opposition to the Plaintiff's Motion to Remand.

## Honeywell's Second Removal Was Untimely

Honeywell argues without on-point authority that the second chance of removal found in 28 U.S.C. § 1446(b)(3) can be extended beyond thirty days by a subsequent pleading. Such is not the law. The Code provides:

**Procedure for removal of civil actions**

(3) Except as provided in subsection (c), if the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.

28 U.S.C. § 1446(b)(3).

In *Lovern v. General Motors Corp.*, 121 F.3d 160, 162 (4th Cir. 1997), the Court held:

[T]he statute does not preclude defendants from removing a case where their discovery of the grounds of federal jurisdiction is belated because facts disclosing those grounds were inadequately or mistakenly stated in the complaint.

. . .

Rather, we will allow the court to rely on the face of the initial pleading and on the documents exchanged in the case by the parties to determine when the defendant had notice of the grounds for removal, requiring that those grounds be apparent within the four corners of the initial pleading or subsequent paper.

*Id.*

Thus, the code and case law directs this Court to examine the Complaint and subsequent papers, in this case the first and second amended complaints, to determine if the alleged facts now reveal federal jurisdiction that the original Complaint and the Amended Complaint do not.

It is notable that Honeywell cites repeatedly to a number of paragraphs in the Second Amended Complaint, but never cites to any provision in the original Complaint or the Amended Complaint to determine when the alleged existence of federal jurisdiction was first disclosed or how

it has now been disclosed, but was not to be found in the original Complaint of the Amended Complaint. This Honeywell declined to do. Instead, Honeywell argues that the filing of the Second Amended Complaint erased any knowledge of federal jurisdiction that Honeywell gained from reading the words of the Amended Complaint, even if those same words appear in both the Amended Complaint and the Second Amended Complaint. In support of this argument, an argument that is in conflict with the plain language of Section 1446(b)(3), Honeywell cites *Malowney v. Federal Collection Deposit Group*, 193 F.3d 1342, 1345, n. 1 (11th Cir. 1999), *La Contessa, Inc. v. Abusch*, No. 19-60296-CIV, 2019 WL 2255576, at * 2 (S.D. Fla, April 9, 2019) and *Snyder v. Wal-Mart Stores, Inc.*, 2018 WL 1586246, at * 3 (N.D. Ill., April 2, 2018). None of these cases even address the issue of whether a subsequent pleading can add time to the thirty-day deadline found in Section 1446(b)(3). None hold that a subsequent amended complaint can restart the time for a second removal. Such is not the law.

Honeywell bases its second removal petition on allegations first set forth in the Amended Complaint that was served upon it September 18, 2024, that were repeated in the Second Amended Complaint. Its second removal petition was served fifty-six days later on November 13, 2024. It was untimely. Compare the paragraphs of the Second Amended Complaint that are cited by Honeywell with paragraphs of the Complaint and the Amended Complaint:

78.

> Defendants Honeywell and Georgia Power have with the passage of time stored, disposed, discharged and released their hazardous wastes onto property of the City of Brunswick and in the waters and marshlands abutting property of the City of Brunswick in order to avoid the costs of safe storage and safe disposal of its hazardous waste. This contamination is not visible. It was not observable to employees of the City of Brunswick when it was deposited on City property. It continues to migrate both to and from City property.

Second Amended Complaint, ¶ 78.

Paragraph 76 of the Complaint alleges:

76.

Defendant Honeywell has stored, disposed, discharged and released its hazardous wastes onto property of the City of Brunswick and in the waters and marshlands abutting property of the City of Brunswick in order to avoid the costs of safe storage and safe disposal of its hazardous wastes.

Original Complaint, ¶ 76.

108.

The continuing unpermitted presence and spread of Defendants' pollution at and about and to and from property of the City of Brunswick are continuing trespasses that unreasonably and substantially interferes with the City's right to exclude the pollutants of others from its property.

Second Amended Complaint, ¶ 108.

Paragraph 110 of the Complaint alleges:

110.

The continuing unpermitted presence and spread of Defendants' pollution at and about property of the City of Brunswick, uureasonably and substantially interferes with the City's right to exclude others and the pollutants of others from its property.

Original Complaint, ¶ 110.

109.

Defendants' continuing failure and refusal to permanently remove their pollution before it trespasses upon property of the City of Brunswick, unreasonably and substantially interferes with the City's right to exclude the pollutants of others from its property.

Second Amended Complaint, ¶ 109.

Paragraph 111 of the Amended Complaint alleges:

111.

Defendants' continuing failure and refusal to permanently remove their pollution from property of the City of Brunswick, unreasonably and substantially interferes with City's right to exclude the pollutants of others from its property.

Amended Complaint, ¶ 111.

<blockquote>

110.

By their conduct above-described, each Defendant maintained and maintains continuing trespasses on property of the City of Brunswick. These continuing trespasses are abatable, at least in part by removing contamination from the land and marsh owned by Honeywell and controlled by Honeywell and Georgia Power before their pollutants trespass upon property of the City of Brunswick.

</blockquote>

Second Amended Complaint, ¶ 110.

Paragraph 112 of the Amended Complaint alleges:

<blockquote>

112.

By their conduct above-described, each Defendant maintained and maintains a continuing trespass on property of the City of Brunswick. This continuing trespass is abatable, at least in part by removing contamination from the land and marsh owned by Honeywell.

</blockquote>

Amended Complaint, ¶ 112.

<blockquote>

111.

By their conduct above-described, each Defendant procured, assisted, or induced the commission and maintenance of the trespasses alleged in this Second Amended Complaint.

</blockquote>

Second Amended Complaint, ¶ 111.

Paragraph 113 of the Amended Complaint alleges:

<blockquote>

113.

By their conduct above-described, each Defendant procured, assisted, or induced the commission of the trespasses alleged in this Complaint.

</blockquote>

Amended Complaint, ¶ 113.

<blockquote>

118.

The continuing unpermitted presence and spread of Defendants' pollution at and about and to and from property of the City of Brunswick unreasonably and substantially interferes with the City's use and enjoyment of its property.

</blockquote>

Second Amended Complaint, ¶ 118.

Paragraph 120 of the Amended Complaint alleges:

120.

The continuing unpermitted presence and spread of Defendants' pollution at and about property of the City of Brunswick unreasonably and substantially interferes with the City's use and enjoyment of its property.

Amended Complaint, ¶ 120.

119.

Defendants' continuing failure and refusal to permanently remove their pollution before it contaminated property of the City of Brunswick unreasonably and substantially interferes with the City's use and enjoyment of its property.

Second Amended Complaint, ¶ 119.

Paragraph 121 of the Amended Complaint alleges:

121.

Defendants' continuing failure and refusal to permanently remove their pollution from property of the City of Brunswick unreasonably and substantially interferes with the City's use and enjoyment of its property.

Amended Complaint, ¶ 121.

123.

Defendants' nuisances are continuing and abatable at least in part, by removing the contamination from the land and marsh owned by Honeywell and controlled by Honeywell and Georgia Power before it threatens properties of the City of Brunswick.

Second Amended Complaint, ¶ 123.

Paragraph 125 of the Amended Complaint alleges:

125.

Defendants' nuisances are continuing and abatable at least in part, by removing the contamination from the land and marsh owned by Honeywell.

Amended Complaint, ¶ 125.

Honeywell does not attempt to explain how it purportedly missed the alleged federal jurisdiction allegations in the Complaint and Amended Complaint, and somehow learned for the first

time undisclosed federal jurisdiction only when it read the above-quoted paragraphs of the Second Amended Complaint.

Honeywell's second removal petition was untimely.

### Honeywell and Georgia Power Are Not *De Facto* Federal Environmental Policemen Enforcing Federal Environmental Laws.

Honeywell does not attempt to explain how the allegations of the Second Amended Complaint set forth a basis for concluding that Honeywell and Georgia Power are *de facto* federal environmental policemen for reasons not found in the original Complaint. Honeywell again avoids citation or quotation to the significant central holding in *Watson v. Philip Morris Companies, Inc.*, 551 U.S. 142 (2007), wherein the Court held:

> The upshot is that a highly regulated firm cannot find a statutory basis for removal in the fact of federal regulation alone. A private firm's compliance (or noncompliance) with federal laws, rules, and regulations does not by itself fall within the scope of the statutory phrase "acting under" a federal "official." And that is so even if the regulation is highly detailed and even if the private firm's activities are highly supervised and monitored. A contrary determination would expand the scope of the statute considerably, potentially bringing within its scope state-court actions filed against private firms in many highly regulated industries. See, *e.g.*, Federal Insecticide, Fungicide, and Rodenticide Act, 7 U.S.C. § 136a (2000 ed. and Supp. IV) (mandating disclosure of testing results in the context of pesticide registration). Neither language, nor history, nor purpose lead us to believe that Congress intended any such expansion.

*Id.*, at 153.

The fact that a felon on probation for violation of a federal criminal statute must obey the directions of his probation officer does not convert him into a *de facto* federal official, nor how someone charged with littering, for dumping trash on public property, becomes a *de facto* policeman when a court orders that violator to clean up the mess that he has made. The fact that a city sends out employees, often inmates at a local jail, to clean up trash dumped by others does not make those

wards of the state into *de facto* government officials. Such is also the case with Honeywell and Georgia Power. The fact that Honeywell continues to cite court decisions that pre-date the *Watson* decision and that were deemed to have no precedential value by the court that issued the decision is telling. *See,* Honeywell Brief, p. 9.

Honeywell's regurgitated argument that it is a *de facto* federal officer enforcing federal environmental laws for the good of the public continues to be without merit.

### Neither the Second Amended Complaint nor the Amended Complaint nor the original Complaint assert federal causes of action.

This Court correctly held that the original Complaint did not contain a *secret* federal cause of action. *City of Brunwick by and through Major v. Honeywell*, CV 222-132, 2023 WL 5671290, at * 4 (S.D. Ga., Sept. 1, 2023).

Honeywell's efforts to find a *secret* cause of action drawn from facts that were first alleged in the Second Amended Complaint fails.

The primary thrust of Honeywell's argument is the allegation that its pollution is abatable, at least in part, by removing source material from its property.

Honeywell has bragged to the media that its efforts, as ordered by the United States Environmental Protection Agency are, in fact, mitigating the flow of off-site contamination. Ex. A. The fact that Honeywell is being ordered to do what it should have been doing all along without the force the orders from U.S. E.P.A does not turn this suit in trespass and nuisance, seeking only monetary damages, into a challenge to alter an order that is making Honeywell do what Honeywell should have been doing without the necessity of federal intervention. The City of Brunswick is not challenging the Order of this Court that adopted the E.P.A Consent order. It praises it.

## Honeywell and Georgia Power Have Waived Removal Jurisdiction

Pending before the Eleventh Circuit and in this Court with the Motion to Remand is the assertion that Honeywell and Georgia Power have vigorously endeavored to have this case resolved in their favor on the merits in the Superior Court of Glynn County and by doing so have waived removal jurisdiction. Numerous decision of federal courts have recognized the principle that efforts to obtain substantive resolution in state court constitute a waiver of removal jurisdiction. Honeywell seeks to distinguish these cases by noting that almost all involve efforts engaged by parties prior to removal of the case to federal court. This is a distinction without a difference. As a practical matter, it is usually impossible in a single removal case for a party to engage in activities seeking substantive resolution in its favor after removal to federal court. It is in this unique situation that we have before us that a case has been removed and remanded, followed by substantial efforts for resolution, and followed then by a second removal. We thus have efforts at substantive resolution engaged in by Honeywell and Georgia Power after the first removal but before the second removal. The principle of law still applies. They both sought final resolution on the merits **before** this petition was filed.

Most significantly, Honeywell does not attempt to point to a court rule that required it to seek final resolution in the Superior Court of Glynn County, nor does it seek to explain how it did not preserve its rights to assert a 12(b)(6) motion when it and Georgia Power filed answers that contained an affirmative defense of failure to state a claim upon which relief could be granted.

In making all of its arguments, Honeywell nowhere denies the fact that it sought final resolution on the merits in its favor in the Superior Court of Glynn County. Under controlling authority, those efforts waived removal jurisdiction.

## CONCLUSION

The second removal of this case to this Court is without merit. The case should be remanded.

Respectfully Submitted,

*s/ John C. Bell, Jr.*
John C. Bell, Jr. (Ga. Bar No. 048600)
Pamela S. James (Ga. Bar No. 389015)
THE BELL FIRM
PO Box 1547
Augusta, GA 30903-1547
(706) 722-2014
John@bellfirm.net
Pam@bellfirm.net

Robert P. Killian (Ga. Bar No. 417575)
KILLIAN LAW FIRM LLC
47 Professional Drive
Brunswick, GA   31520
(912) 263-9520
bob@killianlawfirm.com

Brian Donald Corry (Ga. Bar No. 165557)
McQUIGG SMITH & CORRY
504 Beachview Drive Suite 3D
Saint Simons Island, GA 31522
(912) 638-1174
brian@msclawga.com

COUNSEL FOR PLAINTIFF

# Exhibit A

https://thebrunswicknews.com/news/local_news/honeywell-makes-progress-on-superfund-site/article_472c5045-ed32-567f-b6b4-df4dbaffbc12.html

# Honeywell makes progress on Superfund site

By TAYLOR COOPER The Brunswick News
Jun 24, 2016

Representatives of Honeywell told the Glynn County Commission this week that marsh remediation work at the LCP Chemical Superfund site in north Brunswick is making headway toward completion.

The update from the manufacturing company, which currently owns the site, was given during a Tuesday work session of the commission.

Prashant Gupta, Honeywell's remediation manager, told the commission the positive steps of the work can be seen in the state fish advisories in the creeks around the marsh adjacent to the more than 750-acre property on the Turtle River. The area was named as an environmental Superfund cleanup site in 1994 after LCP Chemical, which had produced chlorine and sodium hydroxide at the facility since 1979, went out of business. Responsibility for the clean up of polychlorinated byphenyls, PCBs, and mercury at the site then reverted back to Honeywell, which had operated the facility as Allied Chemical from 1955 to 1979. Georgia Power and Atlantic Refining Co., two other previous owners in the 80-year history of the site, also share responsibility.



When work began in 1994, no fish in the area of the marsh around the site was edible, Gupta said.

"The state updated their fish consumption guidelines. You can see it went from no consumption to the various species. No restrictions on some, and others that are (able to be eaten) once a week or once a month (without adverse health effects)," he told the commission.

According to Honeywell's current timeline, cleaning efforts should be on track to be completed by 2019, but the company will continue monitoring the site until it is sure it is

Privacy - Terms

## CERTIFICATE OF SERVICE

This is to certify that I have e-filed the foregoing **REPLY BRIEF OF THE CITY OF BRUNSWICK TO BRIEF OF HONEYWELL INTERNATIONAL, INC.,** with the Clerk of this Court using the CM/ECF system which automatically sends email notification of the filing to counsel of record who are CM/ECF participants, and emailed a true copy of the document as follows:

Mark D. Johnson, Esq. {*mjohnson@gilbertharrelllaw.com*}
Amber M. Carter, Esq. {*acarter@gilbertharrelllaw.com*}
Gilbert, Harrell, Sumerford & Martin, P.C.
777 Gloucester Street - Suite 200
Brunswick, Georgia  31520

Benjamin H. Brewton, Esq. {*bbrewton@balch.com*}
T. Joshua R. Archer, Esq. {*jarcher@balch.com*}
Balch & Bingham LLP
801 Broad Street - Suite 800
Augusta, Georgia  30901

Brian D. Israel, Esquire {*brian.israel@arnoldporter.com*}
ARNOLD & PORTER KAYE SCHOLER LLP
601 Massachusetts Avenue, NW
Washington, DC 20001-3743

This 10th day of December, 2024.

                                                *s/ John C. Bell, Jr.*
                                                John C. Bell, Jr.
                                                Counsel for Plaintiff