IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

| | | |
|---|---|---|
| CITY OF BRUNSWICK, by and through its MAYOR AND BOARD OF COMMISSIONERS, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | CIVIL ACTION FILE NO. 2:24-CV-129 LWG-BWC |
| HONEYWELL INTERNATIONAL, INC., formerly known as ALLIED CHEMICAL CORPORATION, and as ALLIEDSIGNAL, INC., and THE GEORGIA POWER COMPANY, | ) ) ) ) ) ) | |
| Defendants. | ) | |

**REPLY BRIEF OF THE CITY OF BRUNSWICK TO THE
RESPONSIVE BRIEF OF GEORGIA POWER COMPANY**

The brief of Georgia Power presents two arguments: 1) Georgia Power asserts that removal jurisdiction can only be waived by activities that preceded the removal petition; 2) Georgia Power contends that there is a secret federal cause of action hidden in the Second Amended Complaint.

Both assertions are without merit.

**Georgia Power Has Waived Removal Jurisdiction**

Georgia Power quotes with approval the holding in *Banks v. Housing Authority* case:

> A state court defendant may lose or waive the right to remove a case to a federal court by taking some substantial offensive or defensive action in the state court action indicating a willingness to litigate in that tribunal ***before filing a notice of removal with the federal court***. [W]aiver will not occur, however, when the defendant's participation in the state action has not been substantial ***or was dictated by the rules of that court***.

*Banks v. Housing Authority of DeKalb County*, 32 F.Supp.3d 1296, 1298 (N.D. Ga. 2014) (emphasis added by Georgia Power)

The *Banks* decision supports waiver of removal jurisdiction and grant of the Motion to Remand. The substantial efforts of Georgia Power to secure a decision in its favor in the Superior Court of Glynn County occurred *before* this most recent removal petition was filed. These substantial efforts were not dictated by any rule of the Superior Court of Glynn County. Neither Georgia Power nor Honeywell has cited any rule of the Superior Court of Glynn County to support an argument that their motions, briefs and arguments were required by a rule that mandated the timing of their motions to dismiss, briefs and arguments. Neither have made an argument that their motions, briefs and oral arguments seeking a final resolution on the merits were not substantial. The *Banks* decision confirms that Georgia Power, through its substantial litigation in the Superior Court of Glynn County, has waived renewed removal jurisdiction.

## There is No Hidden Federal Claim in the City's Complaint, Amended Complaint or Second Amended Complaint

Georgia Power's argument on this issue is set forth in one paragraph of seven lines that incorporates Honeywell's arguments. The City has now responded to the arguments of Honeywell. Dkt. 18. It is notable that Georgia Power does not point to any paragraph of the Second Amended Complaint that arguably creates a federal cause of action or supports federal officer removal jurisdiction. Georgia Power also does not attempt to point out any allegation of the Second Amended Complaint that would create a federal cause of action or federal officer jurisdiction that is not in the original Complaint or the first Amended Complaint, thereby confirming that Honeywell's present removal petition was untimely.

## CONCLUSION

The Motion to Remand of the City of Brunswick should be granted.

Respectfully Submitted,

*s/ John C. Bell, Jr.*
John C. Bell, Jr. (Ga. Bar No. 048600)
Pamela S. James (Ga. Bar No. 389015)
THE BELL FIRM
PO Box 1547
Augusta, GA 30903-1547
(706) 722-2014
John@bellfirm.net
Pam@bellfirm.net

Robert P. Killian (Ga. Bar No. 417575)
KILLIAN LAW FIRM LLC
47 Professional Drive
Brunswick, GA 31520
(912) 263-9520
bob@killianlawfirm.com

Brian Donald Corry (Ga. Bar No. 165557)
McQUIGG SMITH & CORRY
504 Beachview Drive Suite 3D
Saint Simons Island, GA 31522
(912) 638-1174
brian@msclawga.com

COUNSEL FOR PLAINTIFF

# CERTIFICATE OF SERVICE

This is to certify that I have e-filed the foregoing **REPLY BRIEF OF THE CITY OF BRUNSWICK TO THE RESPONSIVE BRIEF OF GEORGIA POWER COMPANY,** with the Clerk of this Court using the CM/ECF system which automatically sends email notification of the filing to counsel of record who are CM/ECF participants, and emailed a true copy of the document as follows:

Mark D. Johnson, Esq. {*mjohnson@gilbertharrelllaw.com*}
Amber M. Carter, Esq. {*acarter@gilbertharrelllaw.com*}
Gilbert, Harrell, Sumerford & Martin, P.C.
777 Gloucester Street - Suite 200
Brunswick, Georgia 31520

Benjamin H. Brewton, Esq. {*bbrewton@balch.com*}
T. Joshua R. Archer, Esq. {*jarcher@balch.com*}
Balch & Bingham LLP
801 Broad Street - Suite 800
Augusta, Georgia 30901

Brian D. Israel, Esquire {*brian.israel@arnoldporter.com*}
ARNOLD & PORTER KAYE SCHOLER LLP
601 Massachusetts Avenue, NW
Washington, DC 20001-3743

This 10th day of December, 2024.

    *s/ John C. Bell, Jr.*
    John C. Bell, Jr.
    Counsel for Plaintiff